

IN THE

# Court of Appeals of Indiana

In re: Adoption of R.G.B. and P.K.B.,

M.B.,

*Appellant-Respondent*



FILED

Dec 26 2024, 9:04 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

v.

A.S. and W.S.,

*Appellee-Petitioner*

---

December 26, 2024

Court of Appeals Case No.
24A-AD-1885

Appeal from the Washington Circuit Court

The Honorable Larry W. Medlock, Judge

Trial Court Cause Nos.
88C01-2402-AD-6
88C01-2402-AD-7

---

**Opinion by Judge Bradford**

Judges Bailey and Foley concur.

**Bradford, Judge.**

## Case Summary

[1] In 2022, A.S. and W.S. (collectively, "Adoptive Parents") were granted temporary, and then permanent, guardianship of minor children R.B. and P.B. (collectively, "the Children"). In 2024, Adoptive Parents petitioned to adopt the Children. The same day, they moved for waiver of the statutorily-mandated period of supervision ("home study requirement"), which motion was granted the next day.

[2] Following a hearing on the adoption petition held on July 8, 2024, in which M.B. ("Birth Mother") objected to the adoption petition, the juvenile court issued a decree granting the adoption for the Children. Birth Mother contends that the juvenile court erred in granting the waiver of the home study requirement. Because we agree, we reverse and remand with instructions.

## Facts and Procedural History

[3] Birth Mother is the biological mother of R.B., born on March 15, 2021, and P.B., born on February 23, 2022. In 2021, while pregnant with P.B., Birth Mother and four-month-old R.B. moved into the home of Adoptive Parents, who were the parents of Birth Mother's co-worker. Birth Mother resided with Adoptive Parents for approximately one year. In April of 2022, after Birth

Mother "said she was going to put [the Children] in foster care and go to a homeless shelter," Adoptive Parents sought, and obtained, a temporary guardianship over the Children. Tr. Vol. II p. 9. In July of 2022, Adoptive Parents were granted permanent guardianship over the Children.

On February 29, 2024, Adoptive Parents petitioned to adopt the Children. The same day, Adoptive Parents motioned for waiver of the home study requirement, which was granted by order the next day.

A hearing on the adoption petition was held on July 8, 2024. Birth Mother objected to the adoption petition. P.B.'s biological father attended the hearing and consented to the adoption of P.B. as it was "in her best interest." Tr. Vol. II p. 60. The juvenile court ultimately issued a decree granting the adoption for the Children, amended on July 10, 2024.

## Discussion and Decision

We generally show "considerable deference" to the juvenile court's decision in family law matters "because we recognize that the [juvenile] judge is in the best position to judge the facts, determine witness credibility, get a feel for the family dynamics, and get a sense of the parents and their relationship with their children." *E.B.F. v. D.F.*, 93 N.E.3d 759, 762 (Ind. 2018) (quotations and citation omitted). So, "when reviewing an adoption case, we presume that the trial court's decision is correct, and the appellant bears the burden of rebutting this presumption." *Id.*

Birth Mother contends that the juvenile court's order granting the adoption petition was fatally deficient because it improperly granted Adoptive Parents' motion for waiver of the home study requirement set forth in Indiana Code section 31-19-8-1, which provides:

> An adoption may be granted in Indiana only after:
>
> (1) the court has heard the evidence; and
>
> (2) except as provided in section 2(c) of this chapter, a period of supervision, as described in section 2 of this chapter, by:
>
> > (A) a licensed child placing agency for a child who has not been adjudicated to be a child in need of services; or
> >
> > (B) the department, if the child is the subject of an open child in need of services action.

The only exception provides that "[a] court hearing a petition for adoption of a child may waive the period of supervision … if one (1) of the petitioners is a stepparent or grandparent of the child and the court waives the report under section 5(c) of this chapter."  Ind. Code § 31-19-8-2(c).

It is undisputed that Adoptive Parents are neither stepparents nor grandparents to the Children.  Adoptive Parents argue that, as the day-to-day caregivers of the children, they are akin to stepparents and grandparents, so the waiver was proper.  We do not agree.  While Adoptive Parents have obviously been positive parental figures to the Children, the statutory requirements are clear

that, unless at least one of them is a stepparent or grandparent, the period of supervision required by section 31-19-8-1 may not be waived.

[9] Adoptive Parents contend that "any potential issues as to [the] Home study … should have been determined and objected to at time of trial." Appellee's Br. p. 11. To the extent that this is an invited error or harmless error argument, we cannot agree. We faced a similar argument in *In re Adoption of S.O.*, in which the biological mother of S.O. failed to object to the adoptive parents' deficient criminal history check submitted to the trial court. 56 N.E.3d 77, 82 (Ind. Ct. App. 2016). There, we nonetheless found that the absence of a statutorily-required criminal background check rendered the adoption fatally deficient: "[w]e cannot find any statutory sanction for the proposition that one can waive all involvement of child placing agencies or DCS by providing the court with a self-produced [criminal-history] report. This instruction from the adoption court was erroneous. The question becomes whether the error is reversible error." *Id.* at 81. It was. *Id.* at 83.

[10] Like the biological mother in *S.O.*, Birth Mother in this case argues that the juvenile court failed to comply with statutory requirements.

> It has long been the case that the adoption statutes are "in derogation of the common law, which made no provision for the adoption of children … and [they] must be strictly followed in all essential particulars." *Glansman v. Ledbetter,* 190 Ind. 505, 516–17, 130 N.E. 230, 234 (1921). To avoid harsh results, our Supreme Court has also counseled that the statutes should not be so strictly construed as to defeat their purposes. *Emmons v. Dinelli,* 235 Ind. 249, 260–61, 133 N.E.2d 56, 61 (1956).

*Id.* at 82–83.

[11] Our General Assembly was aware that we apply a strict construction to adoption statutes, and still wrote that adoption may be granted "*only after* … a period of supervision" by a licensed child placing agency or the Department of Child Services. Ind. Code § 31-19-8-1 (emphasis added). *See also S.O.,* 56 N.E.3d at 83 (providing that "[o]ur General Assembly was aware that we strictly construe the adoption statutes, and still took the time to reiterate that the 22.5 check cannot be waived" in the context of the criminal background check requirements).

[12] The only exception allowing waiver of this requirement applies to stepparents or grandparents. Ind. Code § 31-19-8-2(c). The absence of any applicable exception to the home study requirement in this case renders the adoption petition fatally deficient. Therefore, we reverse and remand with instructions for the juvenile court to order a period of supervision pursuant to Indiana Code section 31-19-8-1.[1]

Bailey, J., and Foley, J., concur.

ATTORNEY FOR APPELLANT

---

[1] To the extent that Birth Mother argues that the juvenile court failed to comply with the statutorily required criminal background check under section 31-19-8-5, we need not address this argument. The statutorily-mandated background check is only required when the home study requirement has been properly waived. *See* Ind. Code § 31-19-8-5(d).

A. David Hutson
Lorch Naville Ward, LLC
New Albany, Indiana


ATTORNEY FOR APPELLEE

Alice B. Blevins
Bartanen Law Office LLC
Salem, Indiana